# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

VERMONT INFORMATION PROCESSING, INC. )
                                         )

     Petitioner/Cross-Respondent     )

                                         )

v.                                     )

                                       )   Nos. 24-1360

NATIONAL LABOR RELATIONS BOARD     )        24-1375

                                       )

     Respondent/Cross-Petitioner     )   Board Case No.

                                       )   03-CA-301055

  -------------------                     )

                                       )

CHRISTOPHER BENDEL, GORDON DRAGOON, )
KALEB NOBLE, AND KESTREL SWIFT     )

                                       )

     Intervenors for Respondent/Cross-Petitioner  )

                                       )

## JUDGMENT

Before:   Millett, Walker, and Pan, *Circuit Judges*

THIS CAUSE came to be heard upon a petition filed by Vermont Information Processing, Inc. to review an Order of the National Labor Relations Board dated November 5, 2024, in Case No. 03-CA-301055, reported at 373 NLRB No. 131, and upon a cross-application for enforcement filed by the National Labor Relations Board to enforce said Order. The Court heard argument of the parties and has considered the briefs and agency record filed in this cause. On May 26, 2026, the Court handed down its opinion granting in part the petition of Vermont Information Processing, Inc., and granting in part the National Labor Relations Board's cross-petition for enforcement. In conformity therewith, it is hereby

1

ORDERED AND ADJUDGED by the United States Court of Appeals for the District of Columbia Circuit that Petitioner/Cross-Respondent Vermont Information Processing, Inc., its officers, agents, successors, and assigns, shall abide by the said Order as modified by the Court. (See Attached Order and Appendix).

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

ENTERED:

2

## VERMONT INFORMATION PROCESSING, INC.

v.

## NATIONAL LABOR RELATIONS BOARD

## ORDER

Vermont Information Processing, Inc., Colchester, Vermont, its officers, agents, successors, and assigns, shall

1. Cease and desist from

    (a) Discharging, suspending or otherwise discriminating against any employee for engaging in protected concerted activity.

    (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

    (a) Within 14 days from the date of the Court's Order, offer Christopher Bendel full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed.

    (b) Make Christopher Bendel whole for any loss of earnings and other benefits, and for any other direct or foreseeable pecuniary harms suffered as a result of the discrimination against him, in the manner set forth in the remedy section of the Administrative Law Judge's decision as amended by the Board.

    (c) Compensate Christopher Bendel for the adverse tax consequences, if any, of receiving a lump-sum backpay award, and file with the Regional Director for Region 3, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay award to the appropriate calendar years.

    (d) File with the Regional Director for Region 3 a copy of the corresponding W-2 form(s) for Christopher Bendel reflecting the backpay award as set forth in the remedy section of the Administrative Law Judge's decision as amended by the Board.

3

(e) Within 14 days from the date of the Court's Order, remove from its files any reference to the unlawful discharge of Christopher Bendel, and within 3 days thereafter notify Bendel in writing that this has been done and that his discharge will not be used against him in any way.

(f) Preserve and, within 14 days of a request, or such additional time as the Regional Director for Region 3 may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of the Board's Order.

(g) Post at its facility in Colchester, Vermont, copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 3, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notice is not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the

---

[1] If the facility involved in these proceedings is open and staffed by a substantial complement of employees, the notices must be posted within 14 days after service by the Region. If the facility involved in these proceedings is closed or not staffed by a substantial complement of employees due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notices must be posted within 14 days after the facility reopens and a substantial complement of employees has returned to work. If, while closed or not staffed by a substantial complement of employees due to the pandemic, the Respondent is communicating with its employees by electronic means, the notice must also be posted by such electronic means within 14 days after service by the Region. If the notice to be physically posted was posted electronically more than 60 days before physical posting of the notice, the notice shall state at the bottom that "This notice is the same notice previously [sent or posted] electronically on [date]."

4

Respondent at any time since February 16, 2022.

(f) Within 21 days after service by Region 3, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that it has taken to comply.

Mandate shall issue forthwith.

ENTERED:

APPENDIX

**NOTICE TO EMPLOYEES**

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
COURT OF APPEALS ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT discharge, suspend or otherwise discriminate against any of you for engaging in protected concerted activity.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL, within 14 days from the date of this Order, offer Christopher Bendel full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed.

WE WILL make Bendel whole for any loss of earnings and other benefits resulting from his unlawful discharge, less any net interim earnings, plus interest, and WE WILL also make him whole for any other direct or foreseeable pecuniary harms suffered as a result of the unlawful discharge, including reasonable search-for-work and interim employment expenses, plus interest.

WE WILL compensate Bendel for the adverse tax consequences, if any, of receiving a lump-sum backpay award, and WE WILL file with the Regional Director for Region 3, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay award to the appropriate calendar years for Bendel.

WE WILL file with the Regional Director for Region 3, within 21 days of the date the amount of backpay is fixed by agreement or Board order or such additional time as the Regional Director may allow for good cause shown, a copy of the corresponding W-2 form(s) for Bendel reflecting the backpay award.

WE WILL, within 14 days from the date of this Order, remove from our files any reference to Bendel's unlawful discharge and WE WILL, within 3 days thereafter,

notify him in writing that this has been done and that the discharge will not be used against him in any way.

VERMONT INFORMATION PROCESSING, INC.

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| VERMONT INFORMATION PROCESSING, INC. ) | |
| ) | |
| Petitioner/Cross-Respondent ) | |
| ) | |
| v. ) | |
| ) | Nos. 24-1360 |
| NATIONAL LABOR RELATIONS BOARD ) | 24-1375 |
| ) | |
| Respondent/Cross-Petitioner ) | Board Case No. |
| ) | 03-CA-301055 |
| -------------------- ) | |
| ) | |
| CHRISTOPHER BENDEL, GORDON DRAGOON, ) | |
| KALEB NOBLE, AND KESTREL SWIFT ) | |
| ) | |
| Intervenors for Respondent/Cross-Petitioner ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically filed the foregoing with the Clerk for the Court of the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I further certify that this document was served on all parties or their counsel of record through the appellate CM/ECF system.

s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street SE
Washington, DC 20570-0001
(202) 273-2960

Dated at Washington, DC
this 9th day of June 2026